UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

———

No. 1:26-cv-01604

———

**Lucas Escalante,**
*Petitioner,*

v.

**Vergara, et al.,**
*Respondents.*

———

## ORDER

Cristian Heberto Lucas Escalante is a native and citizen of Guatemala currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding immediate release or an individualized bond hearing and an injunction against transfer outside the Western District of Texas. The petition and request for an injunction are denied.

## BACKGROUND

Petitioner last entered the United States without inspection on or about July 13, 2022. Petitioner does not have a criminal record. Petitioner was taken into federal immigration custody following a traffic stop on June 3, 2026. Petitioner is currently detained at the T. Don Hutto Detention Center in Taylor, Texas.

On June 13, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing and an injunction against transfer outside the Western District of Texas. The Court ordered Respondents to show cause why the writ

1

should not be granted. Respondents answered, Petitioner replied, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates Due Process, the Administrative Procedure Act, agency regulations, and his rights as a member of a

"bond eligible" class.[1] His arguments, however, fail. Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 8 U.S.C. § 1225(b)(2). And it is well-established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. Neither the statutory text nor the Due Process clause therefore requires granting the writ, and none of Petitioner's ancillary arguments require it either.[2]

Out-of-circuit class actions do not control. Petitioner cannot rely on *Guerrero Orellana v. Moniz*, 813 F. Supp. 3d 185 (D. Mass. 2025) or *Maldonado Bautista v. Santacruz*, 820 F. Supp. 3d 1016 (C.D. Cal. Feb. 18, 2026) for relief. *See Cazares Tapia v. Mullin*, No. 1:26-cv-01321, 2026 WL 1657240, at *7 (W.D. Tex. June 8, 2026). The reasons underpinning both decisions are contrary to the Fifth Circuit's *Buenrostro* decision. *Id.* (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026)). "As a district court, we are 'not free to overturn our circuit's precedent.'" *Id.* (quoting *Green v. Thomas*, 129 F.4th 877, 890 (5th Cir. 2025)). For the reasons set forth in Parts I–III and V of this Court's decision in *Cazares Tapia v. Mullin*, the Court denies the petition.

---

[1] Despite discussing the circumstances of his arrest, Petitioner does not challenge the lawfulness of his arrest. But even if he did, the circumstances of his arrest would not affect the merits of his habeas petition because they are collateral to the legality of his detention. *See Pierre*, 525 F.2d at 935 (stating habeas relief is unavailable for issues collateral to the cause of detention).

[2] The Fifth Circuit's panel decision in *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557 (5th Cir. July 2, 2026), was vacated and rehearing en banc was granted on June 10, 2026, *see* No. 26-50183, 2026 WL 2014647 (5th Cir. July 10, 2026) (per curiam). "[T]hus the opinion is not binding precedent[,]" *Munn v. City of Ocean Springs, Miss.*, 763 F.3d 437, 441 n.2 (5th Cir. 2014), and the Court is not persuaded by its reasoning.

3

Petitioner is also not entitled to an injunction from transfer outside the district. Petitioner presents no persuasive reason for the Court to enter an injunction prohibiting his transfer out of this district. *See, e.g., Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140 (W.D. Tex. Jan. 7, 2026) (denying a request for a TRO restraining the petitioner from being transferred from a district). He has provided no reason why his transfer would be unlawful. And as this order explains, his detention is, in fact, lawful. Without a successful claim on the merits, no relief can be had. *VRC LLC v. City of Dallas*, 460 F.3d 607, 611, 615–16 (5th Cir. 2006) (stating "[t]he party seeking a permanent injunction must . . . establish [] success on the merits[,]" and denying a permanent injunction for failure to prevail on the merits). Petitioner's request for an injunction against transfer outside this district is denied.

\* \* \*

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on July 24, 2026.*

ANDREW DAVIS
United States District Judge

4